## SMITH et al. v. MITCHELL et al.
## No. 11800.

Court of Civil Appeals of Texas. Galveston.
Oct. 17, 1946.

Rehearing Denied Oct. 31, 1946.

Thomas R. Cox, of Richmond, for appellants.

Peareson & Peareson, of Richmond, and Frank L. Heard, Jr., of Rosenberg, for appellees.

GRAVES, Justice.

Appellants (named in the trial court's judgment as plaintiffs, "DeLand Carter Smith, her husband, Aaron Smith, Additon Carter, Earl Carter, Samuel Carter, Della Fleming Edwards and her husband, Daniel Edwards, and Robert Lee Fleming") filed this suit in the court below on October 1, 1945, against T. B. Mitchell, Edward Fleming, and Qually Foster, to remove as an alleged cloud upon their claimed title to the same land a certain deed, dated October 8, 1932, filed for record the same day, and recorded October 15, 1932, in Vol. 139, page 477, of the Deed Records of Fort Bend County, Texas, from Ned Perkins to T. B. Mitchell, conveying "73 acres of land in Fort Bend County, Texas, a part of the knight and White League, and a part of the 116 acres conveyed by A. M. Holmes to Ned Perkins, by deed recorded in Deed Records of Fort Bend County, in Book 64, commencing on page 364."

The defendants, Mitchell and Foster, as therein so sued, answered by general denial, pleas of not guilty, the 4, 5, and 10-year statutes of limitation, innocent purchasers, and estoppel.

The cause was tried before the court without a jury, resulting in a judgment denying the appellants any relief, and, in substance, reciting that the deed so sought to be cancelled "is declared to be valid and effective, and superior to all the claimed rights of the plaintiffs herein, and all relief prayed for by the said plaintiffs is here now refused and denied."

The court supported its judgment by findings of fact and conclusions of law,

which were filed at the request of appellants; the entire substance of such findings of fact, in so far as material here, is condensed into No. 7 thereof, to-wit:

"7. I find as a fact that the plaintiffs wholly failed to show any title or interest in and to said land so conveyed to said Mitchell, by deed aforesaid from Perkins, and that the said T. B. Mitchell acquired the unincumbered fee title to said 73 acres by said deed, and had title to said land at the time the said suit was instituted, and continuously since, including the time when said case was tried."

The court then appended these conclusions of law:

"A. I conclude as a matter of law that the plaintiffs do not have any title to said land, or any interest therein of any character, and therefore were not entitled to judgment removing any cloud on any title to said land in suit.

"B. I conclude as a matter of law that defendant T. B. Mitchell had, when this suit was instituted, and now, the unencumbered fee simple title to the said 73 acres of land, and that his said title is not a cloud on any interest claimed by the plaintiffs, but is superior to all claims of plaintiffs.

"C. The plaintiffs did not show possession of said land by them at any time since the date of the deed to Mitchell, and I conclude that their alleged cause of action was barred by the statute of limitation of four years."

■ Appellants have not in this court made any successful attack upon the quoted findings of either sort, hence there is no proper judgment this court may render other than one of affirmance.

Appellants also sought to complain on appeal of the trial court's having overruled their three motions enumerated:

"1. Motion of the plaintiffs to strike the deposition of Ned Perkins, which motion was filed herein at 10:25 o'clock A.M., March 18, 1946.

"2. Motion to 'strike the several instruments filed herein for evidence by defendants', filed herein at 10:30 o'clock A.M., March 18, 1946.

"3. Motion to strike out paragraphs of the so-called First Amended Answer herein, 'called limitation, and defendants plea of not guilty', filed herein at 1:00 o'clock P.M., March 27, 1946."

■ It is held that no claim of error in the trial court's action can be sustained, for the reason that an inspection of the record discloses that none of the described motions sufficiently set out, or exhibited, the proceeding therein undertaken to be challenged in such manner or form as either identified or showed the contents thereof sufficiently for the court below to properly pass upon any of the complaints so undertaken to be made against them; not only so, but neither are any such proceedings brought up to this court, in such way as would enable it to be determined whether or not the trial court had committed any reversible error in its refusal of any of such motions.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.